IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAMON GRIMMETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:15-cv-00116 ) |
| WILSON COUNTY JAIL, | ) Senior Judge Haynes ) |
| Defendant. | ) ) |

**MEMORANDUM**

Plaintiff, Damon Grimmett, filed this *pro se* action under 42 U.S.C. § 1983 against Defendant, the Wilson County Jail. (Docket Entry No. 1.) Plaintiff seeks an injunction requiring the jail to provide him and other inmates the opportunity "to get an edjucation [sic] for rehabilitation." Id. Plaintiff also seeks damages for pain, suffering, and depression. Plaintiff's complaint has a "Statement of Facts" that reads as follows:

> Sent requests to further my ed[]ucation for rehabilitation. Also requests for a job. Also filed griev[]ance. They never responded. It also took me filing this law suit, for them to verbal[l]y respond. Still elusiv[e]ly not given an answer.
>
> I was sentenced on Oct. 2nd 2014.

(Docket Entry No. 1, at 5.)

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c). Under the PLRA, Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or is brought by a prisoner who seeks relief from government entities or officials, 28

U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

The dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). For a *pro se* complaint, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M&G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). *Pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

To state a colorable claim under 42 U.S.C. § 1983, Plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2002) (citations omitted).

As an initial matter, the "Wilson County Jail" is not a "person" that may be subject to liability under 42 U.S.C. § 1983. See Petty v. Cnty. of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Any Section 1983 claim against Wilson County would require plausible facts suggestive of a county policy or custom or practice. Monell v. Department of Social Servs., 436 U.S. 658 (1978).

As to Plaintiff's claims about his lack of participation in educational programs or a job, prisoners do not possess a constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment. See, e.g., Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); Argue v. Hofmeyer, 80 F. App'x 427, 429 (6th Cir. 2003) (" Prisoners have no constitutional right to rehabilitation, education, or jobs."). Thus, Plaintiff's claim for alleged denial of vocational, educational or other rehabilitative services fails to state a claim under the Eighth and Fourteenth Amendments. See Carter v. Morgan, 142 F.3d 432 (Table), 1998 WL 69810, at *2 (6th Cir. Feb. 10, 1998) (no constitutional right to educational classes).

Because prisoners lack a right to educational, vocational or rehabilitative services, Plaintiff's equal-protection claim fails to state a claim for relief. Hampton v. Hobbs, 106 F.3d 1281, 1286 (6th Cir. 1997). Plaintiff's status as a convicted prisoner in a county jail with access to fewer rehabilitative programs than convicted prisoners in a state prison, does not create "suspect class" for this claim. See id. (a prisoner's classification does not implicate a fundamental right); Caderno v. Thoms, 50 F. App'x 200, 201 (6th Cir. 2002) ("Inmates have no right to be housed in a particular institution or a particular part of an institution." (citing Meachum v. Fano, 427 U.S. 215, 225 (1976))). See also Carter, 1998 WL 69810, at *2 (noting that a "claim of being treated differently from other inmates with regard to participation in the outside educational opportunities has no constitutional underpinnings"). Plaintiff's equal-protection claim also fails for lack of plausible facts that the challenged government action was motivated by animus or ill will. Scarbrough v. Morgan County Bd. of Educ., 470 F.3d 250, 261 (6th Cir. 2006).

For these reasons, the Court concludes that Plaintiff's compliant fails to state a claim for which relief may be granted and must be dismissed.

An appropriate Order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 24th day of February, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge